**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 17-cv-2222-WJM

JIMMIE WELLMAN,

    Applicant,

v.

COLORADO DEPARTMENT OF CORRECTIONS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER TO DISMISS IN PART AND FOR ANSWER

Applicant, Jimmie Wellman, is in the custody of the Colorado Department of Corrections (CDOC) at the Arkansas Valley Correctional Facility in Ordway, Colorado. He initiated this action on September 14, 2017, by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Docket No. 1) challenging the validity of a convictions and sentence imposed in the District Court of Denver County, Colorado. Mr. Wellman filed an Amended § 2254 Application on November 16, 2017. (Docket No. 7).

On November 22, 2017, U.S. Magistrate Judge Gordon P. Gallagher directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents submitted a Pre-Answer Response on December 11, 2017. (Docket No. 12). Applicant filed a Reply on February 23, 2018, after obtaining an extension of time. (Docket No. 20).

Mr. Wellman's filings are construed liberally because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court cannot act as an advocate for *pro se* litigants. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Application, in part.

## I. Background and State Court Proceedings

In October 2007, Mr. Wellman was convicted by a jury in Denver County District Court Case No. 06CR977 of attempted first degree murder, assault, menacing, and witness intimidation and tampering. (Docket No. 12-1 at 2; No. 12-5 at 13). He was sentenced to an aggregate 70-year prison term. (*Id.*). The Colorado Court of Appeals affirmed Applicant's convictions in *People v. Jimmie Wellman*, No. 07CA2366 (Colo. App. Sept. 9, 2010) (unpublished) (*Wellman I*) (Docket No. 12-5). The Colorado Supreme Court denied Applicant's petition for certiorari review on January 18, 2011. (Docket No. 12-6). The United States Supreme Court denied certiorari review on June 13, 2011. (Docket No. 12-7).               .

Mr. Wellman filed a motion for post-conviction relief on July 13, 2011, which the state district court denied on January 9, 2014. (Docket No. 12-1 at 4, 8). The Colorado Court of Appeals affirmed in *People v. Jimmie Wellman*, No. 14CA0358 (Colo. App. Jan. 28, 2016) (unpublished) (*Wellman II*). (Docket No. 12-11). Applicant's petition for certiorari review was denied by the Colorado Supreme Court on September 12, 2016. (Docket No. 12-12).

Mr. Wellman filed another post-conviction motion on December 30, 2016, which was denied by the state district court on February 2, 2017. (Docket No. 12-1 at 10). He

2

did not appeal. Applicant filed his third and fourth state post-conviction motions on September 5, 2017 and September 26, 2017, which were denied on September 8, 2017 and September 27, 2017, respectively. (*Id.*). Applicant did not appeal either order.

Mr. Wellman initiated this § 2254 proceeding on September 14, 2017. He asserts the following claims for relief in his Amended § 2254 Application:

> (1) Applicant's constitutional rights to counsel, a fair trial, and due process were violated when the state district court deprived him of his right to counsel because he never validly waived his right to counsel, or if he did, the waiver was later revoked;
>
> (2) Applicant was denied his constitutional right to a fair trial because the trial judge was biased against him;
>
> (3) Applicant's due process rights were violated when he was tried without any meaningful opportunity to prepare his defense;
>
> (4) Applicant's equal protection and due process rights were violated when he was forced to wear jail clothing and shackle restraints throughout his three-day trial;
>
> (5) Applicant was denied his Sixth Amendment right to effective assistance of counsel on appeal when appellate counsel omitted meritorious claims and inadequately raised a claim of a denial of self-representation.

(Docket No. 7 at 5-12).

In the Pre-Answer Response, Respondents concede that the Application is timely under the one-year limitation period set forth in 28 U.S.C. § 2244(d). (Docket No. 12 at 4-7). Respondents further concede that Applicant exhausted state court remedies for claims one, two and three. (*Id.* at 10-13). Respondents argue, however, that claims four and five are procedurally defaulted in the state courts and, therefore, those claims are barred from merits review by this Court. (*Id.* at 13-16).

3

## II. Standard of Review

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 843 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

A claim that has been procedurally defaulted in the state courts on an independent and adequate state procedural ground is barred from federal habeas review, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007). A procedural rule is independent if it is based upon state law, rather than federal law. *Anderson v. Att'y Gen.*,

342 F.3d 1140, 1143 (10th Cir. 2003) (citing *English v. Cody,* 146 F.3d 1257, 1259 [10th Cir.1998]). A state procedural rule is adequate if it was "'firmly established and regularly followed by the time as of which it is to be applied.'" *Id.* (quoting *Walker v. Att'y Gen.*, 167 F.3d 1339, 1344 (10th Cir.1999)). The applicant bears the burden of specifically alleging the inadequacy of a state procedural law. *Fairchild v. Workman*, 579 F.3d 1134, 1143 (10th Cir. 2009).

An applicant's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

**III. Analysis**

   **A. Claim Four**

In claim four, Mr. Wellman asserts that his equal protection and due process rights were violated when he was forced to wear jail clothing and shackle restraints throughout his three-day trial. (Docket No. 7 at 10-11). Respondents contend that the claim is procedurally defaulted because the state appellate court denied the claim on a state procedural ground, without reaching the merits. (Docket No. 12 at 13-14).

On direct appeal, Mr. Wellman did not assert a constitutional violation based on being forced to wear jail clothing and shackle restraints at trial. (*See generally* Docket No. 12-2, Opening Brief in *Wellman I*). In his state post-conviction proceeding, Applicant argued that his due process rights were violated when he was forced to wear shackles, leg braces, jail clothing and a stun belt during his trial. (Docket No. 12-8 at 15-20).

In *Wellman II*, the Colorado Court of Appeals did not reach the merits of Applicant's claim. Instead, the state appellate court concluded that the claim was successive

5

because it could have been raised on direct appeal. (Docket No. 12-11 at 6-9). The court stated:

> Under Crim. P. 35(c)(6)(VI) and (VII), subject to certain specified exceptions, a court must deny any claim that either was raised and resolved in a prior appeal or postconviction proceeding or that could have been presented in a previously brought appeal of postconviction proceeding. *People v. Wilson*, ___ P.3d ___ (Colo. App. No. 09CA1073, June 23, 2011) (postconviction claims of trial error that could have been raised on direct appeal, but were not, are successive under Crim. P. 35(c)(3)(VII), *aff'd* 349 P.3d 257 (Colo. 2015); *see People v. Canody*, 166 P.3d 218, 221 (Colo. App. 2007) (claims that are ordinarily raised on direct appeal cannot be raised for the first time in a Crim. P. 35 motion).

(*Id.* at 7).

Colo. Crim. P. Rule 35(c)(3)(VII) is a state procedural rule that was firmly established and applied regularly by the Colorado courts at the time of Applicant's post-conviction proceeding. *See, e.g., Ellis v. Raemisch*, 872 F.3d 1064, 1093 n.7 (10th Cir. 2017) (proceeding "on the assumption that the provisions of Rule 35(c)(3)(VII) at issue here satisfy the independence and adequacy criteria"); *see also Welch v. Milyard*, No. 11-1214, 436 F. App'x. 861, 869 (10th Cir. 2011) (unpublished) ( "[W]ere Mr. Welch to attempt to raise this claim in the [Colorado] state trial court at this juncture, it would be dismissed. . . . Thus, Mr. Welch has procedurally defaulted his claim . . . . ") (citations omitted)); *Gonzales v. Hartley*, No. 10-1250, 396 F. App'x. 506, 508 (10th Cir. 2010) (unpublished) ("Because Colorado law now prevents him from presenting these claims, see Colo. R. Crim. P. 35(c)(3)(VII), all of Mr. Gonzales's current objections are procedurally defaulted.").

The Court finds that Mr. Wellman defaulted claim four in the state courts pursuant to an adequate and independent state procedural rule. Therefore, Applicant must meet

6

the cause and prejudice standard or the fundamental miscarriage of justice exception to pursue federal habeas corpus relief. *See Coleman*, 501 U.S. at 750.

To show cause for his procedural default, Mr. Wellman must demonstrate that "some objective factor external to the defense impeded [his] efforts to comply" with the state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The fundamental miscarriage of justice exception is "a narrow exception to the cause requirement where a constitutional violation has probably resulted in the conviction of one who is actually innocent of the substantive offense." *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (internal quotation marks and citation omitted).

Mr. Wellman does not allege any facts to demonstrate the existence of an external cause for his failure to raise the substance of claim four in his direct appeal proceeding. Applicant's *pro se* and incarcerated status, without more, does not excuse his procedural default. *See Abeyta v. Estep,* No. 06-1220, 198 F. App'x. 724, 727 (10th Cir. 2006) (unpublished decision) ("The district court was well within its discretion to decide that [petitioner's] reasons given for failure to exhaust—including difficulty obtaining the record in his first state post-conviction matter, lack of library access, and lack of counsel—did not constitute a sufficient showing of justifiable excuse or excusable neglect, let alone good cause (factually or legally) for the failure to exhaust"). *Accord Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir.2006) (a prisoner's ignorance of the law does not excuse his failure to comply with statute of limitations applicable habeas corpus actions).

Further, although Applicant does not assert that appellate counsel was ineffective in failing to raise the substance of claim four on direct appeal, the Court notes that such an argument would fail because a claim of ineffective assistance of appellate counsel must

7

first be exhausted in the state courts before it can be urged as cause for a procedural default. *See Edwards v. Carpenter,* 529 U.S. 446, 451-52 (2000). In his state post-conviction proceeding, Mr. Wellman did not exhaust a claim that appellate counsel was ineffective in failing to raise the substance of claim four on direct appeal. (*See generally* Docket Nos. 12-8, 12-11). And, Mr. Wellman has failed to demonstrate cause to excuse the default of his ineffective assistance of appellate counsel claim. *See Edwards*, 529 U.S. at 452.

Finally, Mr. Wellman does not make a colorable showing of actual innocence in either his Amended Application or Reply. Arguments concerning Applicant's legal innocence, as opposed to factual innocence, are insufficient. *See, e.g., Ellis v. Hargett,* 302 F.3d 1182, 1186 n. 1 (10th Cir. 2002) (rejecting miscarriage of justice argument because it merely "assert [s] that [petitioner] is legally innocent because his conduct is justified or mitigated by the doctrines of self-defense or heat of passion"); *Beavers v. Saffle,* 216 F.3d 918, 923 (10th Cir. 2000) ("Mr. Beavers does not claim that he is innocent of killing Raymond Matthews. Rather, he claims that he is not guilty of first degree murder because he was intoxicated and acted in self defense. However, these arguments go to legal innocence, as opposed to factual innocence.").

Claim four of the Amended § 2254 Application will be dismissed as procedurally defaulted.

**B. Claim Five**

In claim five, Mr. Wellman asserts that he was denied his Sixth Amendment right to effective assistance of counsel on appeal when appellate counsel omitted meritorious claims and inadequately raised a claim that Applicant was denied his right of

self-representation. (Docket No. 7 at 11-12). Applicant does not assert what specific "meritorious" claims that appellate counsel should have raised. (*Id.*). Respondents argue that Applicant procedurally defaulted claim five in the state courts pursuant to an adequate and independent state procedural rule. (Docket No. 12 at 14-16).

In his Opening Brief in *Wellman II*, Applicant argued that his direct appeal counsel was constitutionally ineffective in failing to raise the following issues: (1) Applicant's consecutive sentences are illegal because the state court imposed an aggravated sentence for attempted first degree murder when he was not convicted of a crime of violence and the offense is not *per se* a crime of violence; (2) Applicant received ineffective assistance of counsel at sentencing due to a conflict of interest; (3) Applicant was denied his constitutional right to counsel, or his waiver of counsel was invalid due to incompetency; and, he was denied the right to prepare an adequate defense; (4) the trial court erred in admitting evidence of a prior sexual assault committed by Applicant, in violation of Colo. R. Evid. 404(b). (*See generally* Docket No. 12-8).

The Colorado Court of Appeals declined to address Applicant's claims because the allegations of ineffective assistance of appellate counsel asserted on appeal were different from the allegations Mr. Wellman raised his Colo. Crim. P. Rule 35(c) motion before the state district court. (Docket No. 12-11 at 10, citing *People v. Osorio*, 170 P.3d 796, 801 (Colo. App. 2007) ("Allegations not raised in a Crim. P. 35(c) motion or during the hearing on that motion and thus not ruled on by the trial court are not properly before this court for review") (quoting *People v. Goldman*, 923 P.2d 374, 375 (Colo. App. 1996)).

The *Goldman* rule relied on by the Colorado Court of Appeals to reject Applicant's ineffective-assistance-of-appellate-counsel claims is firmly established and regularly

followed by the state appellate courts. See, e.g., DePineda v. Price, 915 P.2d 1278, 1280 (Colo. 1996); People v. Stovall, 284 P.3d 151, 153 (Colo. App. 2012); People v. Wolfe, 213 P.3d 1035, 1037 (Colo. App. 2009). See also Boetger v. Burnell, No. 14-cv-00675-PAB, 2015 WL 855811, at *8 (D. Colo. Feb. 26, 2015) (citing Goldman as an adequate and independent state procedural rule to support the court's finding that the petitioner had "procedurally defaulted the issue of appellate counsel's ineffectiveness").

The Court finds that Mr. Wellman procedurally defaulted claim five in the state courts. Consequently, he must meet the cause and prejudice standard or the fundamental miscarriage of justice exception to pursue his claims in this federal habeas proceeding. See Coleman, 501 U.S. at 750.

For the reasons discussed in conjunction with claim four, the Court finds that Mr. Wellman has failed to meet the cause and prejudice standard to excuse his procedural default of claim five in the state courts. Moreover, he does not raise a colorable claim of factual innocence. Consequently, claim five of the Application will be dismissed as procedurally barred.

### III. Orders

For the reasons discussed above, it is

ORDERED that claims four and five of the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Docket No. 7) are DISMISSED WITH PREJUDICE as procedurally defaulted. It is

FURTHER ORDERED that, within **thirty days of this order,** Respondents shall file an Answer that fully addresses the merits of Applicant's properly exhausted claims one, two, and three of the Amended Application. It is

FURTHER ORDERED that Applicant may file a Reply within **thirty days from the date that** Respondents file their Answer.

Dated this 22nd day of March, 2018.

BY THE COURT:

_____
William J. Martinez
United States District Judge